## PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PABLO DE JESÚS, Defendant and Appellant.

### No. 2314. Argued April 2, 1925.—Decided July 10, 1925.

1. MURDER—INDICTMENT—VERIFICATION—WAIVER.—The fact that an indictment is not verified by the district attorney is a formal defect to which objection should be made before trial; otherwise the objection is considered to have been waived and can not be raised on appeal.

2. ID.—ID.—ID.—In an indictment presented by a grand jury a verification by the district attorney is unnecessary.

3. ID.—ID.—It is not necessary to allege in an indictment that a wound inflicted upon the victim was mortal when the facts show that the victim died as a result of the wound.

4. ID.—CONTINUANCE—DISCRETION OF COURT.—When a continuance is denied there must be a very strong case to convince the appellate court that the denial was an abuse of discretion.

District Court of Guayama, Gabriel Castejón, J.  Judgment of conviction of murder in the first degree with extenuating circumstances. *Affirmed.*

*Bolívar Pagán* for the appellant.  *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The matter of waiver is imperfectly understood. Our jurisprudence in this regard seems to be increasing rather than diminishing, and in matters that ought to be familiar to every practicing attorney. There are perhaps three stages of waiver; one before the trial, one at the trial and one after judgment or on appeal.

The first assignment of error of the appellant was due to a failure to realize that the matter assigned had been waived in two ways. The appellant complains that the information is bad because not sworn to by the *fiscal.* This is a matter of form and should be raised before the trial. *People* v. *Paris,* 25 P.R.R. 104, and cases; *People* v. *Rosaly,* 28 P.R.R. 438. If not raised before the trial or at the trial, such an alleged error cannot be presented on appeal. *People* v. *Aponte,* 9 P.R.R. 345; *People* v. *Cintrón,* 26 P.R.R.

215; *People* v. *Moreno,* 28 P.R.R. 96; *People* v. *Ramírez,* 28 P.R.R. 292.

Entering even lightly into the substance of the assignment, it is evident that this tardy objection cannot avail appellant. This was a presentment by a grand jury and the oath of the *fiscal* has become unnecessary. Before, his oath was that the information was presented from the examination of witnesses heard before him. The witnesses now appear before the grand jury and not before the *fiscal*.

The second assignment of error is that the information is bad because it does not state that the wound inflicted by the defendant on the deceased was a "mortal" one. The information expressly sets up that Inés Vega Muñiz "in direct consequence of said bullet wound, died a few seconds after receiving said wound." The jurisprudence is clear that in an information or indictment it is unnecessary to use specifically the word "mortal" if the facts expressed show that the victim died as a result of the wound inflicted.

In the midst of the trial the defendant wanted to use a certain policeman as a witness and asked for a postponement of the trial for this purpose. To obtain a continuance there are certain requisites that we have set forth in the cases of *People* v. *Otero,* 18 P.R.R. 51; *People* v. *Román,* 18 P.R.R. 217, and *Dyer* v. *Rossy,* 23 P.R.R. 718. The court has, of course, a discretion to continue a case without these formalities, but it needs a strong case to convince us that a failure to continue is an abuse of discretion. The appellant convinces us not at all.

The fourth assignment of error relates to the weighing of the proof by the jury and the appellant does not convince us of error.

The judgment should be affirmed.